E-FILED
Monday, 12 August, 2024  01:42:26 PM
Clerk, U.S. District Court, ILCD

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### Central District of Illinois

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>RESIDENCE located at 205 W. William Street, Apt. 201, Champaign, IL, 61820, more particularly described as a multi-family dwelling with the numbers "205" clearly marked on the side of the building | )<br>)<br>)<br>)  Case No. 24-MJ-7146<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is attached hereto and incorporated by reference.

located in the _____Central_____ District of _____Illinois_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Use of Interstate Communications to Transmit a Threat to Harm or Kidnap |

The application is based on these facts:

See attached affidavit of Federal Bureau of Investigation Special Agent Christopher Mayo.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sh

Redacted

*Applicant's signature*

Christopher Mayo, FBI Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____
*(specify reliable electronic means).*

Date: _____08/12/2024_____

Eric Long
Digitally signed by Eric Long
Date: 2024.08.12 13:17:25 -05'00'

*Judge's signature*

City and state: _____Urbana, Illinois_____

Eric I. Long, United States Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

IN THE MATTER OF THE SEARCH OF: RESIDENCE
located at 205 W. William Street, Apt. 201, Champaign,
IL, 61820, more particularly described as a multi-family
dwelling with the numbers "205" clearly marked on the
side of the building

)
)
)
)
)

Case No. 24-MJ- 7146

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Christopher M. Mayo, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 205 W. William Street, Apartment 201, Champaign, Illinois, 61820, hereinafter "PREMISES," further described in Attachment A, for the things described in Attachment B.

2.     I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since May of 2010. Previously, your Affiant was employed as a Police Officer with the Wilmington Police Department in Wilmington, North Carolina from 2001 through 2010. Your Affiant is currently assigned to the FBI Miami, Fort Pierce Resident Agency. I have primarily been assigned to investigations dealing with violent crimes, weapons violations, international drug trafficking, both domestic and international terrorism, and threatening communications. Based on my experience as a federal law enforcement officer, I have conducted investigations of, and have been instructed in investigative techniques concerning terrorism and interstate threats to harm others, activities that are criminal offenses in violation of Title 18 U.S.C. § 875(c).  I am

also a federal law-enforcement officer as defined in 18 U.S.C. § 115(c)(1), and I make this request under Federal Rule of Criminal Procedure 41(d)(2)(A).

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### **PROBABLE CAUSE**

4.      This application seeks a warrant to search the PREMISIS for fruits, instrumentalities, and/or evidence of the transmission of interstate threats to injure, or conspiracy to commit such threats including: information associated with Google Account: 13pkr59bug27@gmail.com (hereinafter, the "TARGET ACCOUNT"), as well as records, information, and electronic devices as described in Attachment B.

5.      On May 25, 2024, VICTIM 1 received an email to their personal Gmail account from the TARGET ACCOUNT with a name displayed as "Eric Rennert". The email detailed graphic threats to VICTIM 1 and their family. The author specifically stated, "If president Joe Biden wins, I will see to it personally that you and your family are hunted down for the traitorous scum that you are and executed publicly."

2

6.      On May 28, 2024, VICTIM 1 received an email to their personal Gmail account from the TARGET ACCOUNT. The email again detailed graphic threats to injure VICTIM 1. The author specifically stated, "Now, if PRESIDENT JOE BIDEN wins I will personally hunt you down, hog tie your ginormous ass up and deliver you to the proper authorities."

7.      On June 25, 2024, VICTIM 1 received an email to their personal Gmail account from the TARGET ACCOUNT. The author specifically stated, "When this is all over in November, no matter what happens you are fucked. Either trump and maga will get you or the DOJ will. That is if street justice doesn't kill you first."

8.      On July 24, 2024, VICTIM 1 received an email to their personal Gmail account from the TARGET ACCOUNT. The author specifically stated, "That means, between the time trump loses in November and Kamala swearing in as the next President of these United States, your head could be on the chopping block. The last fifteen seconds of your life will be seeing my fat ass taking a shit down your throat."

9.      Returns from a Federal Grand Jury Subpoena to Google listed an address and phone number for the TARGET ACCOUNT as 205 W. William St, Apt 201, Champaign, IL 61820; +1-217-888-4862.

10.     On July 8, 2024, a search warrant was served on Google for information on the TARGET ACCOUNT, and the records provided by Google identified the account holder as

ERIC RENNERT. Additionally, the above-described emails to VICTIM 1 were within the records of the TARGET ACCOUNT.

11.     A review of the Illinois Department of Motor Vehicles lists Rennert's address as 205 W. William Street, Apartment 201, Champaign, IL, 61820.

12.     Physical surveillance conducted August 1, 2024, at the PREMISIS showed a nametag on the mailbox for apartment 201 with the name "RENNERT" in blue lettering affixed to the mailbox.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

13.     As described above and in Attachment B, this application seeks permission to search for records that might be found on the PREMISES, in whatever form they are found. Forms of records located inside or outside of the PREMISES include cellular phones, digital devices, data storage devices, computers, laptops, and communication devices (hereinafter the items identified in to be seized and searched shall be collectively referred to as "the TARGET DEVICES.")  Thus, the warrant applied for would authorize the seizure of electronic devices or storage medium or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

14.     I submit that if any TARGET DEVICES are found on the PREMISES, there is probable cause to believe those records will be stored on those electronic devices or storage medium, for at least the following reasons:

    a.   Based on my knowledge, training, and experience, I know that electronic devices' (including the TARGET DEVICES) files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on an electronic device, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

    b.   Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's or cellular device's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

    c.   Wholly apart from user-generated files, electronic device storage media—in particular, computers' internal hard drives—contain electronic evidence of how a

computer has been used, what it has been used for, and who has used it. To give a
few examples, this forensic evidence can take the form of operating system
configurations, artifacts from operating system or application operation, file
system data structures, and virtual memory "swap" or paging files. Computer
users typically do not erase or delete this evidence, because special software is
typically required for that task. However, it is technically possible to delete this
information.

d. Similarly, files that have been viewed via the Internet are sometimes
automatically downloaded into a temporary Internet directory or "cache."

15.     *Forensic evidence.* As further described in Attachment B, this application seeks
permission to locate not only electronic files that might serve as direct evidence of the crimes
described on the warrant, but also for forensic electronic evidence that establishes how electronic
devices were used, the purpose of their use, who used them, and when. There is probable cause
to believe that this forensic electronic evidence will be on any storage medium in the PREMISES
because:

a. Data on the storage medium can provide evidence of a file that was once on the
storage medium but has since been deleted or edited, or of a deleted portion of a
file (such as a paragraph that has been deleted from a word processing file).
Virtual memory paging systems can leave traces of information on the storage

medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. File systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b.  As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, information stored within electronic devices (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the electronic device or storage media.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  The existence or absence of anti-virus, spyware, and malware detection programs may indicate

7

whether the electronic device was remotely accessed, thus inculpating or exculpating the electronic device owner.  Further, electronic device activity can indicate how and when the electronic device was accessed or used.  For example, as described herein, electronic devices typically contain information that log:  user account session times and durations, activity associated with user accounts, electronic storage media that connected with the electronic device, and the IP addresses through which the electronic device accessed networks and the internet.  Such information allows investigators to understand the chronological context of electronic device, use, and events relating to the crime under investigation.  Additionally, some information stored within an electronic device may provide crucial evidence relating to the physical location of other evidence and the suspect.  For example, images stored on a electronic device may both show a particular location and have geolocation information incorporated into its file data.  Such file data typically also contains information indicating when the file or image was created.  The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera).  The geographic and timeline information described herein may either inculpate or exculpate the user.  Last, information stored within an electronic device may provide relevant insight into the user's state of mind as it relates to the offense

8

under investigation.  For example, information within the electronic device may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the electronic device or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c.  A person with appropriate familiarity with how an electronic device works can, after examining this forensic evidence in its proper context, draw conclusions about how electronic device were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  While it is possible to specify in advance the records to be sought, electronic device evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a electronic device is evidence may depend on other information stored on the electronic device and the application of knowledge about how a electronic device behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how an electronic device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.  For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

f.  I know that when an individual uses a electronic device to obtain unauthorized access to a victim electronic device over the Internet, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime.  The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense.  The electronic device is also likely to be a storage medium for evidence of crime.  From my training and experience, I believe that a electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

16.  *Necessity of seizing or copying entire computers or storage media.*  In most cases, a thorough search of a premises for information that might be stored on electronic devices and storage media often requires the seizure of the physical storage media and later off-site review

10

consistent with the warrant. In lieu of removing storage media from the premises, it is sometimes possible to make an image copy of the device or storage media.  Imaging is the taking of a complete electronic picture of the device data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction.  This is true because of the following:

    a.   The time required for an examination. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site.  Analyzing evidence of how a electronic device has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine storage media to obtain evidence.  Storage media can store a large volume of information.  Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

    b.   Technical requirements.  Electronic devices can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations.  Therefore, searching them sometimes requires tools or knowledge

11

that might not be present on the search site.  The vast array of electronic device hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the Premises.  However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

c.  Variety of forms of electronic media.  Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

17.  *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying devices and storage media that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media or information consistent with the warrant.  The later review may require techniques, including, but not limited to, computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

18.     I submit that there is probable cause to believe that Eric RENNERT has

committed the offenses of interstate threats to harm others, in violation of Title 18, United States

Code, Section 875(c).  I further submit that this affidavit supports probable cause for a warrant to

search the PREMISES described in Attachment A and seize the items described in Attachment

B.

Respectfully submitted,

# Redacted

Christopher M. Mayo
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me by reliable electronic means, being electronic mail
and telephone, pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure on
August 12, 2024:

# Eric Long

Digitally signed by Eric Long
Date: 2024.08.12 13:17:47
-05'00'

ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

*Property to be searched*

The property to be searched is 205 W. William Street, Apartment 201, Champaign, IL, 61820, further described as a two-story apartment building clearly marked with the numbers "205" on the side of the building. Apartment 201 is a second-floor apartment unit with the numbers "201" clearly marked on the door.



*1. Photograph of the exterior of 205 W. William Street, Champaign, Illinois.*



*2. Photograph showing a close-up of the numbers "205" affixed to the exterior of the TARGET PREMISES at 205 W. William Street, Champaign, Illinois.*

2



3. *Photograph of the exterior door to Apartment 201, a second-floor apartment unit. The door to Apartment 201 has the numbers "201" affixed to the door.*

**ATTACHMENT B**

*Property to be seized*

1.      All records relating to violations of Title 18 U.S.C. § 875(c), those violations involving Eric Rennert and occurring after May 24, 2024, including:

      a.   Records and information relating to a conspiracy to threaten VICTIM 1;

      b.   Records and information relating to the e-mail account 13pkr59bug27@gmail,com;

      c.   Records and information relating to the identity or location of Eric Rennert;

**2.**      All electronic devices, including cellular phones, digital devices, data storage devices, computers, laptops, and communication devices used as a means to commit the violations described above, including the sending of threatening emails in interstate commerce in violation of Title 18 U.S.C. § 875(c).

3.      For any electronic or storage medium whose seizure is otherwise authorized by this warrant, and any electronic device or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "TARGET DEVICES"):

      a.   evidence of who used, owned, or controlled the TARGET DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents,

2

browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.   evidence of software that would allow others to control the TARGET DEVICES, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.   evidence of the lack of such malicious software;

d.   evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.   evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.   evidence of the attachment to the TARGET DEVICES of other storage devices or similar containers for electronic evidence;

g.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the TARGET DEVICES;

h.   evidence of the times the TARGET DEVICES was used;

i.   passwords, encryption keys, and other access devices that may be necessary to access the TARGET DEVICES;

3

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the TARGET DEVICES;

k. records of or information about Internet Protocol addresses used by the TARGET DEVICES;

l. records of or information about the TARGET DEVICES's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

4. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "electronic device" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or

4

storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of Eric Rennert (Social Security Number 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 and date of birth 04/16/1959) (the TARGET PERSON), to the fingerprint scanner of the device; (2) hold the device listed above in front of the face of the TARGET PERSON and activate the facial recognition feature, for the purpose of attempting to unlock the device. In pressing or swiping the TARGET PERSON's fingers (including thumbs) to the fingerprint scanner of the device, law enforcement will not ask the TARGET PERSON which finger should be pressed or swiped.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

5